# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2025

Lyle W. Cayce
Clerk

———————————

No. 25-50180
Summary Calendar

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FERNANDO LOPEZ-SOLIZ,

*Defendant—Appellant*.

———————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:24-CR-2056-1

———————————————————————————

Before JONES, DUNCAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Fernando Lopez-Soliz appeals his conviction and sentence for illegal reentry into the United States under 8 U.S.C. § 1326. For the first time on appeal, he argues that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory maximum established by § 1326(a), based on facts that

———————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50180

are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. While Lopez-Soliz acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review. The Government has moved without opposition for summary affirmance or, alternatively, for an extension of time to file its brief.

As Lopez-Soliz correctly concedes, his argument is foreclosed by *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," summary affirmance is appropriate. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)

Accordingly, the motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time is DENIED.